DECISION.
Defendant-appellant Dwight D. Ingram appeals from the judgment adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual-predator statutes. Ingram's classification as a sexual predator stemmed from an earlier trial in which he had entered a plea of guilty to one count of attempted rape and one count of rape involving separate adult female victims. In 1986, Ingram was sentenced to concurrent, indefinite periods of incarceration, one of four to fifteen years and the other of ten to twenty-five years.
At an October 6, 2000, classification hearing, Common Pleas Court Judge Frederick J. Cartolano found that Ingram was a sexual predator. See R.C.2950.09(C). In a single assignment of error, Ingram contests the weight of the evidence presented to support that finding.
At the hearing before Judge Cartolano, who had also accepted Ingram's plea and entered sentence, the state offered into evidence the indictment and judgment entry from the earlier offenses, the grand-jury testimony of the two victims and of the arresting officer, and a psychiatric evaluation of Ingram conducted at the time of his plea, which indicated that Ingram felt "overwhelmed" by sexual urges. As proof of his claim that he had been rehabilitated, Ingram offered documentary evidence of his completion of the Magellan sexual-offender program, and testified under oath that he had completed his high-school equivalency and a college-degree program during his incarceration. See State v. Pryor
(Mar. 10, 2000), Hamilton App. No. C-990497, unreported.
As contemplated by the statutory scheme and by the Ohio Supreme Court's recent decision in State v. Eppinger (2001), 91 Ohio St.3d 158, 166,743 N.E.2d 881, 888-889, there are three "objectives" for the trial court to achieve in predicting future behavior in a sexual-offender-classification hearing: to create a record for review, to provide for expert opinion on the threat of recidivism, if required, and to determine the offender's likelihood of recidivism in light of "the particular evidence and [the statutory] factors." Id.; see, also, R.C.2950.09(B)(2).
Here, Judge Cartolano created a more than ample record for appellate review. By receiving documentary evidence and sworn testimony and stating that he had reviewed the transcript of the earlier proceedings, Judge Cartolano made the kind of record expected for a sexual-offender-classification hearing. See State v. Eppinger,91 Ohio St.3d at 166, 743 N.E.2d at 888-889. Because Ingram had been convicted of more than one sexually-oriented offense, this is not a case where a psychiatric or psychological expert was "reasonably necessary to aid in determining" the likelihood of future recidivism. Id. at 163,743 N.E.2d at 886. We note that neither Ingram nor the state offered expert testimony or sought a continuance to obtain a current psychiatric or psychological examination. See, e.g., State v. Glover (Feb. 16, 2001), Hamilton App. No. C-000396, unreported.
R.C. 2950.09(B)(2) enumerates the factors that a trial court is to consider in determining whether an offender is to be classified as a sexual predator. The statute provides that, in making a determination as to whether an offender is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, all of the following:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
Any additional behavioral characteristics that contribute to the offender's conduct.
In the transcript of the proceedings and the judgment entry adjudicating Ingram a sexual predator, Judge Cartolano identified those specific factors that were present in the record. He recited into the record and noted on his entry that Ingram was a multiple sexual offender, having on two occasions attacked and raped or attempted to rape two separate adult females by the use of force and threats of death if they resisted or reported him. See R.C. 2950.09(B)(2)(d), 2950.09(B)(2)(h), and 2950.09(B)(2)(i).
After reviewing the record, we are persuaded that Judge Cartolano reviewed the record of the guilty plea, the competency evaluation, Ingram's prior record, and Ingram's evidence. We hold that the Judge Cartolano had sufficient evidentiary material before him, including evidence of the two sexually-oriented convictions, to produce a firm belief or conviction that Ingram "is likely to engage in one or more sexually oriented offenses sometime in the future." R.C. 2950.01(E); see, also, State v. Eppinger, 91 Ohio St.3d at 162, 743 N.E.2d at 885. Consequently, there was clear and convincing evidence to support Judge Cartolano's finding that Ingram is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Gorman, P.J., Doan and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.